17-1875-cr (L)
*United States v. Cruz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of November, two thousand twenty-four.

Present:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> > *Circuit Judges.*
> LEWIS J. LIMAN,[*]
> > *District Judge.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                              17-1875-cr (L); 23-7642-cr

JOSE CRUZ,

> *Defendant-Appellant.*[†]

---

FOR APPELLEE:                                  Jun Xiang, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

---

[*] Judge Lewis J. Liman of the United States District Court for the Southern District of New York, sitting by designation.

[†] The Clerk of Court is respectfully directed to amend the caption accordingly.

FOR DEFENDANT-APPELLANT:        Dawn M. Cardi, Cardi & Edgar LLP, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Engelmayer, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **AFFIRMED**.

On February 6, 2014, Defendant Jose Cruz pleaded guilty to one count of conspiracy to commit racketeering in violation of 18 U.S.C. § 1962(d), three counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1), one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, two counts of use and possession of firearms in furtherance of the narcotics conspiracy in violation of 18 U.S.C. § 924(c), and one count of unlicensed trafficking in firearms in violation of 18 U.S.C. § 922(a).

The district court sentenced Cruz on June 1, 2017. It determined that the applicable Guidelines sentence was life plus 35 years' imprisonment, to which the parties agreed. The district court then granted the government's motion to reduce Cruz's sentence for cooperation under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) with a downward departure and sentenced Cruz to 22 years' imprisonment. Cruz appealed and continued his cooperation, for which the government moved for a further reduction of his sentence under Rule 35(b). On December 22, 2022, the district court granted that motion and reduced Cruz's sentence by two years. Cruz now appeals, arguing that his sentence is substantively unreasonable because the district court insufficiently rewarded his cooperation. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

"Our review of a sentence for substantive reasonableness is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (cleaned up). "We will instead set aside a district court's *substantive* determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions" under the Section 3553(a) factors. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).

Cruz argues that the district court's sentence is substantively unreasonable—even after a downward variance and Rule 35(b) reduction—because it "did not clearly reward him for cooperation that was outsized and posed a lifetime of danger to his family and himself."[1] Cruz maintains that his sentence undermines the "unofficial but important" purpose of encouraging cooperation under the 18 U.S.C. § 3553(a) factors. We disagree.

Cruz's final sentence of 20 years' imprisonment—down from life plus 35 years' imprisonment under the applicable Guidelines—is hardly "shockingly high." The district court imposed its original 22-year sentence after weighing the "evil" nature of Cruz's offense conduct, his prior convictions, and the interests of public safety against his substantial cooperation. *See* App'x at 218-44. That 22-year term was not substantively unreasonable given Cruz's violent

---

[1] 18 U.S.C. § 3742(a)(1) authorizes appellate review of "an otherwise final sentence if the sentence . . . was imposed in violation of law." "[W]hen a defendant challenges the procedures of his sentencing proceeding or the reasonableness of the sentence imposed, he effectively claims that the sentence . . . was 'imposed in violation of law.'" *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007).

offense conduct, which includes three murders. So Cruz's reduced sentence of 20 years' imprisonment also "easily falls within the range of permissible decisions available to the district court." *Muzio*, 966 F.3d at 64 (quotation marks omitted). However substantial Cruz's post-sentencing cooperation may have been, his ultimate term is not so high as to overcome "the deference we owe to district judges," *Cavera*, 550 F.3d at 197, considering his extensive criminal conduct.

\*     \*     \*

We have considered the remainder of Cruz's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court